**Joyce PERKINS, Appellant,**

v.

**DISTRICT GOVERNMENT EMPLOY-
EES FEDERAL CREDIT UNION,
Appellee.**

No. 93–CV–1654.

District of Columbia Court of Appeals.

Argued Jan. 13, 1995.

Decided Jan. 19, 1995.*

Craig Ellis, for appellant.

---

* The decision in this case was originally issued as a Memorandum Opinion and Judgment on January 19, 1995, and is being published *sua sponte* upon the order of the court.

F. Joseph Nealon, with whom James D. Peterson was on the brief, for appellee.

Before TERRY and FARRELL, Associate Judges, and GALLAGHER, Senior Judge.

FARRELL, Associate Judge:

Appellant, who was fired from her job as a vice-president of appellee in 1990, appeals from the trial court's grant of summary judgment to the former employer on the basis that, as a matter of law, appellant's employment relationship was terminable at will. In challenging this determination, appellant relies all but entirely on the Personnel Manual which she received as an employee of appellee.[1] We affirm.

■ The legal principles are not in dispute.

> There is a presumption that a hiring not accompanied by an expression of a specific term of duration creates an employment relationship terminable at will by either party at any time. This presumption can be rebutted by evidence that the parties intended the employment to be for a fixed period, or subject to specific preconditions before termination.

*Nickens v. Labor Agency of Metropolitan Washington,* 600 A.2d 813, 816 (D.C.1991) (citations omitted). For the presumption to be rebutted, however, the parties must have "state[d] clearly their intention" to limit the employer's right to terminate, *Littell v. Evening Star Newspaper Co.,* 73 App.D.C. 409, 410, 120 F.2d 36, 37 (1941);

> where no such intent is *clearly expressed* and, absent evidence which shows other consideration than a promise to render services, the assumption will be that—even though they speak in terms of "permanent" employment—the parties have in mind merely the ordinary business contract for a continuing employment, terminable at the will of either party.

---

1. It is apparently not disputed that she received the Personnel Manual four years after beginning her employment.

*Id.* (emphasis added). *See also Minihan v. American Pharmaceutical Ass'n,* 259 U.S.App.D.C. 10, 12, 812 F.2d 726, 728 (1987) (applying *Littell's* requirement of a "clear statement[ ]" in sustaining grant of summary judgment).

■ The Personnel Manual in this case does not clearly express the parties' intent to create an employment for a fixed period of time or one terminable only on the occurrence of specific conditions. In various provisions, the manual draws distinctions between full-time regular employees, part-time employees, and temporary employees. In only one place, the termination provision, does it refer to "permanent employees," apparently to distinguish them from "temporary employees." It provides that, when terminating a "permanent employee, management *in their discretion may* give the employee two weeks notice, or *may* give him two weeks severance pay, or *may* terminate the employee without any of the foregoing, if the termination is for cause, *i.e.* [there follows an enumeration of acts illustrating cause for termination]" (emphasis added). Appellant argues that this language restricts the employer's "discretion" to one of the three conditions (giving two weeks notice or two weeks severance pay, or termination for cause [2]), but we cannot reasonably hold this to be the "clearly expressed" meaning of the language. For it plausibly may also mean that the employer, "in [its] discretion," "may" invoke one of the alternatives or it may invoke none, exercising instead its traditional right to terminate the employment at will. At best the language is ambiguous, which is insufficient to overcome the well-established presumption of an at-will agreement. Nor does appellant cite any other language in the Manual or facts in the record permitting a reasonable trier of fact to conclude that the

parties intended to create a "contract ... distinguishable from a pure 'at will' contract." *Washington Welfare Ass'n v. Wheeler,* 496 A.2d 613, 616 (D.C.1985).[3] *See Sullivan v. Heritage Foundation,* 399 A.2d 856, 859 (D.C.1979) (upholding summary judgment where there was "no conflicting evidence of an agreement to employ for a fixed period or of circumstances from which such an agreement could be inferred").[4]

Finally, appellant does not contend that her employment entailed "other consideration than a promise to render services." *Littell,* 73 App.D.C. at 410, 120 F.2d at 37. Such "other consideration" was present in *Riefkin v. E.I. DuPont de Nemours & Co.,* 53 App.D.C. 311, 290 F. 286 (1923), on which appellant relies, for there the plaintiff was induced into leaving his former employment with promises of a lifetime job. *Id.* at 312, 290 F. at 287. *See also Nickens,* 600 A.2d at 816–17. No such claim has been made here.

Accordingly, the judgment of the Superior Court is

*Affirmed.*

2. Appellant asserts that she was terminated for what purported to be "cause," not by virtue of the severance pay or two-week notice provisions. For purposes of this appeal from the grant of summary judgment, we must assume this to be so.

3. The grievance procedures of the Personnel Manual, by their terms, applied to "wages, hours, and/or working conditions," not termination. *Compare Elliott v. Healthcare Corp.,* 629 A.2d 6, 8 n. 3 (D.C.1993) (manual specified that

employees could use grievance procedures to protest suspensions or dismissals).

4. Apropos of appellant's claim that in deposition she "testified to her belief" that the Personnel Manual constituted her contract with the credit union, *Sullivan* makes clear that "[m]ore than ... [the plaintiff's] belief in the permanence of employment [is] necessary to raise a material issue of fact precluding the grant of summary judgment." 399 A.2d at 859.